**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HUGO ANGEL,

    Petitioner,

-vs-                                              Case No.  8:03-CR-176-T-30MAP
                                                                             8:05-CV-667-T-30MAP

UNITED STATES OF AMERICA ,

    Respondent.
_____/

**O R D E R**

Before the Court is Petitioner's Motion to Stricken [sic] Government's Response from Record Due to Its Failure to Timely Respond to Petitioner's Motion Within 60 Days as Ordered by This Honorable [sic], and to Enter Default Judgment Against the Government Pursuant to F.R.Civ.Proc. Rule 55 and Enter Summary Judgment in Favor of the Petitioner Pursuant to F.R.Civ.Proc. Rule 56 (CV Dkt. 8).

On May 23, 2005, the Government was ordered to file a response to Petitioner's § 2255 motion within 60 days thereof (CV Dkt. 5).  The Government's response was due to be filed on or before July 22, 2005.  The Government filed a timely motion for an extension of time in which to respond to the § 2255 motion on July 18, 2005.  The Goverment's motion was granted on July 29, 2005, and its response is now due to be filed on or before September 28, 2005.  *See* CV Dkt. 7.

UPON consideration, the Court **ORDERS** that Petitioner's request that the Court enter a default order against the Government (**Dkt. 8**) is **DENIED**.  Neither default nor summary judgment are appropriate due to the failure to timely respond to a petition for writ

of habeas corpus. *See, e.g., Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (finding that a default judgment is not contemplated in habeas corpus cases); *Goodman v. Keohane*, 663 F.2d 1044, 1048 n.4 (11th Cir. 1981) (rejecting petitioner's argument that the government's tardiness in responding to his petition entitled him to habeas relief).

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Parties/Counsel of Record All

SA/jsh