**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HUGO ANGEL,

    Petitioner,

-vs-                                                  Case No.  8:03-CR-176-T-30MAP
                                                                                    8:05-CV-667-T-30MAP

UNITED STATES OF AMERICA ,

    Respondent.
_____/

**O R D E R**

This cause comes before the Court on Petitioner's Motion to Amend Page 3 and 6 of Petitioner's Response Where No Drug Amount Was Mistakenly Alleged (Dkt. 12). Petitioner does not cite any legal authority for his motion.

Having reviewed the motion, the Court finds reason to question whether Petitioner is aware of the effect of an "amendment" to a pleading, which is significantly different than that of a "supplement" to a pleading.  An amended pleading completely *supersedes* the original pleading, and once a pleading is "amended," the only issues before the Court are the ones raised in the text of the amended pleading. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982)  (finding that an amended complaint under the Federal rules supercedes the original complaint); *Williams v. U.S.*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001) (stating that "Plaintiff's last amended complaint (Doc. 9) will supersede his prior complaint (Doc. 1) and amended complaint (Doc. 6)."); *Gill v. Tillman*, 2001 WL 395051 at *1 (S.D. Ala. 2001) (same); *Brown v. E.F. Hutton & Co., Inc.,* 610 F.Supp. 76, 78 (S.D.  Fla. 1985) (same).   A supplement, on the other hand, merely adds to the

information presented in the pleading already pending before the Court rather than completely replacing it.  If the Court were to accept the document submitted by Petitioner as an amendment to his §2255 motion, the grounds he asserts for collateral relief in the original motion would no longer be before this Court.

The Court will, therefore, construe the motion to amend as a request to supplement the § 2255 motion pursuant to Fed. R. Civ. P. 15(d).  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers).  If, after reviewing this order, Petitioner disagrees with the Court's decision, he should file a motion for reconsideration of this order, affirming his intent that the document filed on November 14, 2005, supersede his original § 2255 motion.

ACCORDINGLY, the Court **ORDERS** that Petitioner's construed motion to supplement the § 2255 motion pursuant to Fed. R. Civ. P. 15(d) is **GRANTED** (Dkt. 12).

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2005.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Counsel/Parties of Record

SA:jsh