**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HUGO ANGEL,

    Petitioner,

v.

                                    CASE NO.  8:05-CV-667-T-30MAP

UNITED STATES OF AMERICA,                               8:03-CR-176-T-30MAP

    Respondent.

_____/

# ORDER

**BEFORE THE COURT** is Petitioner's timely Motion to Vacate Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the United State's Response (CV Dkt. 10), and Petitioner's Reply (CV Dkt. 11). Upon review of the briefs of the underlying criminal proceedings this Court determines that the motion to vacate should be denied.

## Background

Petitioner, Hugo Angel (hereinafter "Angel" or "Petitioner") pled guilty without a plea agreement to conspiring to possess five kilograms or more of cocaine with the intent to distribute, while on board a vessel subject to the jurisdiction of the United states in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 app. U.S.C. §1903. On December 4, 2003, the Court sentenced Petitioner to serve 210 months imprisonment followed by five years of supervised release. (Crim. Dkt. 60-61). Petitioner filed an

appeal with the Eleventh Circuit Court of Appeals raising the following issue:

> 1) Whether the trial court erred by applying a three level enhancement rather than awarding Appellant at least a two level reduction for his minor role in the offense.

The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence on May 26, 2004. United States v. Angel, No. 03-16405, (11th Cir. May 26, 2004)(unpublished). Petitioner filed this Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 on March 31, 2005, requesting that his sentence be vacated on the following grounds:

> **GROUND 1:** Petitioner alleges that the Court erred by sentencing Petitioner to an "exceptional sentence" of 210 months based on the federal sentencing guidelines, after the guidelines were held to be unconstitutional in Blakely v. Washington, 543 U.S. 296, 313 (2004).
>
> **GROUND 2:** Petitioner alleges that the Court lacked subject matter jurisdiction to adjudicate the case because the offenses occurred in the Central American seas.
>
> **GROUND 3:** Petitioner alleges ineffective assistance of counsel based on his attorney's failure to (1) challenge the double count in petitioner's indictment, (2) object to sentence enhancing factors and (3) present meritorious arguments on direct appeal challenging the subject matter jurisdiction of the court and raising Blakely/Booker claims.

(CV Dkt. 1 at 4 -7.) For the reasons set forth below, the Court finds that Petitioner is not entitled to the relief he seeks.

## Facts

In April 2003, Petitioner and three others departed from Columbia for Belize on a go-fast boat loaded with cocaine. (Crim. Dkt. 82 at 17). On April 26, 2003, a United

States aircraft spotted the go-fast boat, with no flags or markings indicating its nationality, in international waters off the coast of Honduras. (Crim. Dkt. 82 at 17). After the air sighting, the Coast Guard caught up to the go-fast boat and a boarding team approached and asked the crew members standard right of approach questions, including the nationality of the boat and crew members. (Crim. Dkt. 82 at 17). The crew members stated that they were Columbian nationals, that the boat was of Columbian registry, and that the master of the boat was not aboard. (Crim. Dkt. 82 at 17).

The Coast Guard contacted the Columbian navy, which neither confirmed nor denied the registry of the go-fast boat. (Crim. Dkt. 82 at 17). Consequently, the Coast Guard determined that the boat was a stateless vessel without nationality and gave the boarding team permission to board. (Crim. Dkt. 82 at 17-18). In the ensuing search the boarding team located approximately 4300 pounds of cocaine in the boat's center hold and a loaded 9mm Beretta Pistol. (Crim. Dkt. 82 at 16-18).

The United States Probation Office recommended in its pre-sentence report that this Court establish Petitioner's base offense level at 38, pursuant to USSG §2D1.1 (c)(1). The pre-sentence report recommended a total increase in Petitioner's offense level of seven points because his offenses had involved 1634 kilograms of cocaine, a firearm had been present on the go-fast boat, because he had acted as captain or navigator of the boat, and because he had directed other crew members and the criminal activity had involved more than five participants. USSG §2D1.1(b)(1); USSG §2D1.1(b)(1)); USSG §2D1.1 (b)(2)(B));USSG § 3B1.1 (b); PSR ¶¶ 23-25, 27.

Angel objected to the proposed firearm and aggravating role enhancement, asserting that he had not possessed the pistol or used it in furtherance of or in relation to the drug offenses and maintaining that his offenses had involved only four people. Addendum to PSR. The Court overruled Angel's objection to the firearms enhancement. (Crim. Dkt. 67 at 9-10).

Angel also challenged the captain/navigator role enhancement, although he conceded at the hearing that he had operated and navigated the go-fast boat. The Court sustained the objection to the three-level role enhancement. (Crim. Dkt. 67 at 14).

## **Discussion**

Title 28 U.S.C. § 2255 provides, in pertinent part, that,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255 (2006).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). This law amended 28 U.S.C. § 2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)     the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (2006).

According to the rules set out above in the AEDPA the court finds that Petitioner has filed a timely 28 U.S.C. § 2255 motion. Petitioner had 90 days following the Eleventh Circuit's May 26, 2004 decision to file a writ of certiorari with the Supreme Court, at the conclusion of the 90 day period the one-year limitation of 28 U.S.C. § 2255 began to run. The 90 day period to file a writ of certiorari expired on July 26, 2004, therefore Petitioner had until July 26, 2005, to file a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Petitioner filed this motion on March 31, 2005, within the one-year limitation period.

**Ground One:**   Petitioner alleges that his 5th and 6th amendment rights were violated when the District Court sentenced Petitioner to an "exceptional sentence" of 210 months based on the federal sentencing guidelines, after the guidelines were held to be unconstitutional in Blakely v. Washington.

Petitioner claims that his sentence must be vacated and the case remanded for re-sentencing according to the United States Supreme Court's decision in Blakely v. Washington. Blakely v. Washington, 543 U.S. 296, 313 (2004).

The Supreme Court's decision in <u>Blakely</u> specifically addresses Washington state sentencing guidelines and is not applicable to federal sentencing guidelines. <u>Id.</u> However, in 2005, the United States Supreme Court decided <u>United States v. Booker</u>, which found that the federal sentencing guidelines were discretionary rather than mandatory after excising certain limited portions. <u>U.S. v. Booker</u>, 543 U.S. 220, 233 (2005). The Eleventh Circuit has determined that <u>Booker</u> does not apply retroactively and only applies to cases that were pending when <u>Booker</u> was decided on January 12, 2005. <u>Varela v. U.S.</u>, 400 F.3d 864, 868 (11th Cir. 2006). The decision in <u>Booker</u> does not apply to Petitioner's sentence because Petitioner's case was not pending after May 26, 2004.

Even if Booker/Blakely applied to Petitioner, his claim would still be denied. A court may sentence a defendant based on facts admitted by the defendant. <u>U.S, v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005). There is no <u>Booker</u> violation when defendant admits the facts used to enhance his sentence. <u>Id.</u> If defendant admits to sentence enhancing facts in his plea or fails to object to facts in the pre-sentence report, the court can use these facts when calculating defendant's sentence. <u>Id.</u> Petitioner admitted that he was the captain of the go-fast boat and admitted that the quantity of cocaine in the conspiracy was approximately 4300 pounds at his guilty plea hearing and at the sentencing hearing. (Crim. Dkt. 82 at 18-19; 67 at 4-5). This Court sentenced Petitioner, based on facts that Petitioner admitted. Therefore there is no <u>Booker</u> violation.

And, contrary to Petitioner's assertion, Booker held the sentencing guidelines to be constitutional.

For the foregoing reasons, ground one will be denied.

**Ground Two:**   Petitioner alleges that the district court and the United States lack subject matter jurisdiction to prosecute petitioner because he was seized on the Central American seas.

Subject matter jurisdiction defines the court's authority to hear a given type of case. U.S. v. Morton, 467 U.S. 822, 828 (1984). Congress has provided the district courts with original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231(2006). According to the Maritime Drug Enforcement Act (MDEA), it is a violation against the laws of the United States to "knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance" aboard a vessel subject to the jurisdiction of the United States. 46 App. U.S.C. § 1903. The MDEA provides in pertinent part:

>   (a)   Vessels of the United States or vessels subject to the jurisdiction of the United States
> 
>   It is unlawful for any person on board ... a vessel subject to the jurisdiction of the United States to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance. . .
> 
>   (c)   "Vessel subject to the jurisdiction of the United States" and "vessel without nationality" defined
>     (1)   For purposes of this section 'a vessel subject to the jurisdiction of the United States' includes
>       (A)   a vessel without nationality; . . .
>     (2)   For purposes of this section, a 'vessel without nationality' includes . . .
>       (C)   a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of

> registry does not affirmatively and unequivocally assert that the vessel is of its nationality. . . .

46 App. U.S.C. § 1903

Challenges to the constitutionality of the Maritime Drug Enforcement Act, including challenges to jurisdiction, have been rejected by the Eleventh Circuit Court of Appeals. *See* U.S. v. Tinoco, 304 F.3d 1088 (11th Cir. 2002); U.S. v. Estupinan, 453 F.3d 1088 (11th Cir. 2006).

In Tinoco, the Eleventh Circuit determined that the MDEA unambiguously mandates that the jurisdictional requirement be treated only as a question of subject matter jurisdiction for the court to decide and that Congress can constitutionally provide that this jurisdictional requirement is a non-element of the offense, authorizing the judge, rather than a jury, to decide the issue. Id. at 1106-1109. The issue of jurisdiction can be determined by the judge because it does not attest to the culpability or blameworthiness of the Petitioner and has no bearing on any elements of the offense. Id. at 1110. Petitioner pled guilty to all charges, including charges levied under the MDEA. (Crim. Dkt. 24). Petitioner is subject to the jurisdiction of the United States, specifically the U.S. District Courts, because he was aboard a vessel without nationality and was violating the laws of the United States. Therefore, Petitioner is subject to 18 U.S.C. § 3231 and 46 Appx. U.S.C. § 1903. Petitioner's claim that the court lacked subject matter jurisdiction fails.

Ground two will be denied.

**Ground Three:** Petitioner alleges ineffective assistance of counsel based on his attorney's failure to (1) challenge the double count in petitioner's indictment, (2) object to sentence enhancing factors and (3) present meritorious arguments in order to secure an evidentiary hearing on the subject matter jurisdiction of the court.

Petitioner makes three claims of ineffective assistance of counsel. First, Petitioner claims ineffective assistance of counsel based on defense counsel's "failure to challenge the double counting [*sic*] as charged in the indictment." (Civ. Dkt. 2 at 5). A Petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics, or contentions that in the face of the record are wholly incredible. Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990). Vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). Because Petitioner's motion fails to explain or argue this ineffective assistance of counsel claim, the claim fails. (Civ. Dkt. 2 at 14-17).

Even if Petitioner presented an argument regarding counsel's ineffectiveness for failure to object to the indictment counts, his claim would fail. In Tollett v. Henderson, the United States Supreme Court precluded review of claims of constitutional deprivations that occurred prior to entry of the plea. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). A guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea and only an attack on the voluntary and knowing nature of the plea can be sustained. U.S. v. Wilson, 962 F.2d 996(11th Cir. 1992)(holding that petitioner waived pre-plea ineffectiveness of counsel claim after

pleading guilty). Petitioner was indicted on May 1, 2003 and originally pled not guilty, however on June 26, 2003, Petitioner changed his plea to guilty. (Crim. Dkt. 1, 8, 24). Once Petitioner changed his plea to guilty, he waived his ineffective counsel claim for counsel's failure to challenge the two counts in the indictment. Therefore the court finds that Petitioner does not succeed on his first ineffective assistance of counsel claim.

Petitioner's second ineffective assistance of counsel claim addresses counsel's alleged failure to object to sentence enhancing factors. To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is defined in Strickland as performance which is objectively unreasonable under prevailing professional norms. Id. at 688. The deficient performance must also be shown to prejudice the defense. Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Strickland standard requires both prongs to be met in order for a court to grant relief, therefore if this Court determines that Petitioner has made an insufficient showing as to one prong, the Court is not required to analyze the second prong. Strickland, 466 U.S. at 697. Moreover, an evidentiary hearing does not need to be conducted if it can be conclusively determined from the record that the petitioner was

not denied effective assistance of counsel. Tejada, 941 F.2d at 1559; Diaz v. U.S., 930 F.2d 832, 834 (11th Cir. 1991).

Petitioner, was not prejudiced. The record shows that Petitioner's counsel objected to both the firearm enhancement and the role enhancement at his sentencing hearing. (Crim. Dkt. 67 at 9-10, 14). The Court overruled Petitioner's objection to the firearm enhancement and sustained his objection to the captain/navigator enhancement. (Crim. Dkt. at 9-10,14). Petitioner admitted to the two other sentence enhancing factors, agreeing that the conspiracy involved more than 4300 pounds of cocaine and that he had navigated and operated the go-fast boat. (Crim. Dkt. 82 at 18-19; 67 at 4-5). Based on the evidence of objections in the record, Petitioner's second claim of ineffective assistance of counsel fails.

Lastly, Petitioner claims he was denied effective assistance of counsel when his counsel failed to challenge both the court's subject matter jurisdiction, and the sentencing guidelines according to the Supreme Court's Blakely/Booker ruling on direct appeal. As stated above, an ineffective assistance of counsel claim requires Petitioner to meet the two-prong test as articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is not deficient for failing to raise an argument which runs contrary to the law or controlling precedent at trial or on appeal. *See* Jones v. Barnes, 463 U.S. 745(1983); U.S. v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992)(finding an attorney was not ineffective for failing to argue a meritless issue). As explained *supra*, Petitioner's subject matter jurisdiction and Blakely/Booker

challenges are meritless.

Ground three will be denied.

## **CONCLUSION**

Having reviewed the record, applicable statutes, and controlling case law in the Eleventh Circuit, the court finds Petitioner has not met the criteria for relief under 28 U.S.C. § §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence (Case No. 8:05-CV-667-T30MAP, CV Dkt. 1) is **DENIED.**

2. The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 8, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\PDF TEMP FILE\05-cv-667 deny 2255.wpd