## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    CASE NO. 8:03-CR-176-T-30

HUGO ANGEL,

      Defendant.

_____/

## **ORDER**

     This Cause is before the Court upon Defendant's *pro se* Motion for Relief from Judgment (Dkt. 138).  Because the motion challenges the validity of the judgment and sentence in Defendant's criminal case, the proper motion is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

     *Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to § 2255.  The Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant informs the Court otherwise.

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).  Defendant's request for relief under Fed. R. Civ. P. 60(b) is denied as a Rule 60(b) motion cannot be used to circumvent § 2255's procedural bars.  *See Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1277, 1277 n.11 (11th Cir. 2004) (en banc).

The Court cautions Defendant that such recharacterization will render this motion subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, Defendant is cautioned that after its characterization as a § 2255 motion, the instant motion will be barred as successive under the successive petition bar applicable to post-conviction motions.[2] Petitioner must obtain the permission of the Eleventh Circuit Court of Appeals before he can file a successive § 2255 petition. If the Petitioner obtains permission to file the § 2255 motion, the motion will still be subject to the one (1) year period of limitation.[3] Accordingly, Defendant should also address the motion's untimeliness, falling as it will well beyond one (1) year from July 26, 2004, the date Defendant's judgment became final.

Furthermore, Defendant should also explain how the main case he cites in support of his motion, *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), applies to Defendant. Specifically, it appears from the facts asserted by Defendant that *Bellaizac-Hurtado*, which concerns Congress's ability under the "Offences Clause" of Article I,

---

[2] 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an Order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Defendant has filed two previous § 2255 motions under prior civil case number 8:05-cv-667-T-30MAP. *See* (Dkt. 101, § 2255 Motion) and (Dkt. 130, Defendant Letter Construed as a § 2255 Motion).

[3] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The recent case of *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), would not entitle Defendant to a delayed start of the limitation period under § 2255(f)(3) as *Bellaizac-Hurtado* is a circuit court decision, and § 2255(f)(3) requires the recognition of a new right by the Supreme Court in order to delay the limitation period's start. 28 U.S.C. § 2255(f)(3). *Bellaizac-Hurtado* is also not a "fact" for the purposes of a delayed limitation period under § 2255(f)(4), which provides for beginning the limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); *see Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) (finding "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

Section 8, Clause 10 of the United States Constitution to proscribe drug-trafficking activity in the territorial waters of foreign countries, *see id.* at 1258, does not apply to his case. Defendant acknowledges he was arrested by the United States Coast Guard in "[i]nternational waters, precisely, about 120 nautical miles off the [c]oast of Honduras and Belize [c]oastal waters, an international sea[.]"  (Dkt. 138, Defendant Motion, 4).

Finally, the Court advises Defendant that, in addition to addressing the foregoing issue, he should amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Accordingly, the Court **ORDERS** that on or before **April 12, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1.      Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his Motion for Relief from Judgment (Dkt. 138);

2.      Amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3.      Withdraw his Motion for Relief from Judgment (Dkt. 138).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case, and this cause shall proceed as an

action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 138).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2003\03-cr-176.motion for relief 138.wpd*

4